Michael Catalano, J.
This is an application by applicant Shaw for an order permitting him to bring an action against respondent Motor Vehicle Accident Indemnification Corporation.
The moving papers show that:
(1) Shaw timely filed under section 608 of the Insurance Law.
(2) 'Shaw was an uninsured resident pedestrian, i.e,, a “ qualified person” under article 17-A of the Insurance Law;
(3) Shaw was not operating a motor vehicle;
(4) Shaw has a cause of action against the operator or owner of the involved motor vehicle or against the operator who was operating same without the consent of said owner;
(5) All reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator, and to establish the presence or absence of the owner’s consent, without success;
*467 (6) This application is not made by an insurer or surety.
Respondent questions the applicability of said article 17-A, and particularly section 617 thereof, to this case. It appears that the operator and passenger of the involved motor vehicle transported Shaw to the latter’s home following the accident and supplied Shaw with a piece of paper on which were written some names and addresses. Shaw was given to understand that these were the names and addresses of said operator and passenger. Shaw claims that he was then dazed and semiconscious. In any event, it appears that the paper has been lost and that the information thereon has failed to lead to the identification of the motor vehicle, owner, operator or passenger.
Upon an application for permission to sue in a u hit and run ” case, sections 600, 60Í, 608, 617 and 618 of the Insurance Law should be considered.
Article 17-A of the Insurance Law, entitled “ Motor Vehicle Accident Indemnification Corporation Law” became effective January 1, 1959. (L. 1958, eh. 759, § 2.) Its declared purpose is stated, in part, thusly: ‘1 The legislature finds and declares that the motor vehicle financial security act as enacted in nineteen hundred fifty-six, which requires the owner of a motor vehicle to furnish proof of financial security as a condition to registration, fails to accomplish its full purpose of securing to innocent victims of motor vehicle accidents recompense for the injury and financial loss inflicted upon them, in that the act makes no provision for the payment of loss on account of injury to or death of persons who, through no fault of their own, were involved in motor vehicle accidents caused by * * * (2) unidentified motor vehicles which leave the scene of the accident * * * The legislature determines that it is a matter of grave concern that such innocent victims are not recompensed for the injury and financial loss inflicted upon them and that the public interest can best be served by closing such gaps in the motor vehicle financial security act through the incorporation and operation of the motor vehicle accident indemnification corporation.” (Insurance Law, § 600, subd. 2; emphasis supplied.)
Section 601 of the Insurance Law, although entitled, “ Definitions,” does not define “ hit and run.”
Section 608 of the Insurance Law, entitled “ Notice of intention to file claim,” provides, in part:
“ The protection provided by the corporation on account of motor vehicle accidents caused by financially irresponsible motorists shall be available to: * * *
*468 ££ (b) Any qualified person having a cause or causes of action because of death or bodily injury, arising out of a motor vehicle accident (1) occurring within this state and (2) reported within twenty-four hours after the occurrence thereof to a police, peace or judicial officer in the vicinity or to the commissioner, and who shall file with the corporation within ninety days of the accrual of such action, as a condition precedent to the right thereafter to apply for payment from the corporation, an affidavit stating that (1) he has a cause or causes of action arising out of such accident for damages and setting forth the facts in support thereof, (2) such cause or causes of action lie against a person or persons whose identity is unascertainable, and (3) he intends to make a claim thereon for such damages, provided that the fact that the accident was not reported within twenty-four hours after the occurrence thereof as required by this paragraph shall not prejudice the rights of any person filing hereunder if it shall be shown not to have been reasonably possible to make such a report or that a report was made as soon as was reasonably possible.” * * *
11 Any such qualified person shall promptly furnish the corporation with copies of all papers in any action for the enforcement of any such cause of causes of action referred to under paragraphs (a), (b) or (c) above.
‘ ‘ The commissioner shall furnish to the corporation, upon request, information as to whether any operator or owner of a motor vehicle involved in any accident had in effect at the time of such accident any motor vehicle liability insurance or other evidence that such motor vehicle was an 1 insured motor vehicle ’ as defined in subdivision c of section six hundred one.” (Emphasis supplied.)
Section 617 of the Insurance Law, entitled, ‘£ 1 Hit and run ’ causes of action,” provides, in part: ££ The protection provided by this article shall not apply to any cause of action by an insured or qualified person arising out of a motor vehicle accident occurring in this state lying against a person or persons whose identity is unascertainable, unless the bodily injury to the insured or qualified person arose out of physical contact of the motor vehicle causing such bodily injury with the insured or qualified person ”. (Emphasis supplied.)
Section 618 of the Insurance Law, entitled, 11 Procedure for £ hit and run ’ cases,” provides, in part:
££ (a) When the death of, or personal injury to, any qualified person arises out of the ownership, maintenance or use of a motor vehicle in this state but the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained *469 or it is established that the motor vehicle was at the time said accident occurred, in the possession of some person other than the owner without the owner’s consent and that the identity of such person cannot be ascertained, any qualified person who would have a cause of action against the operator or owner or both in respect to such death or personal injury, may upon notice to the corporation, apply to the supreme court for an order permitting him to bring an action therefor against the corporation in such court, and the court may proceed upon such application, in a summary manner, and may make an order permitting the applicant to bring such an action against the corporation when the court is satisfied, upon the hearing of the application, that:
“ (1) the applicant has complied with the requirements of section six hundred eight of this article ;
‘ ‘ (2) the applicant is a qualified person;
“ (3) injured or deceased person was not at the time of the accident operating an uninsured motor vehicle or operating a motor vehicle in violation of an order of suspension or revocation;
“ (4) the applicant has a cause of action against the operator or owner of such motor vehicle or against the operator who was operating the motor vehicle without the consent of the owner of the motor vehicle;
“ (5) all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator thereof and either that the identity of the motor vehicle and the owner and operator thereof cannot be established, or that the identity of the operator, who was operating the motor vehicle without the owner’s consent, cannot be established;
“ (6) the application is not made by and on behalf of an insurer or surety under circumstances set forth in paragraph (f) of section six hundred eleven of this article.” (Emphasis supplied.)
Article 17-A of the Insurance Law is intended to close gaps of inequities found in the Motor Vehicle Financial Security Act (Vehicle and Traffic Law, art. 6-A) so as to protect innocent victims of motor vehicle accidents. (See the scholarly and exhaustive article entitled, “New York’s Motor Vehicle Accident Indemnification Corporation: Past, Present and Future” by Professor Peter Ward of Cornell Law School in 8 Buffalo L. Rev. 215; also 33 N. Y. U. L. Rev. 1161-1162.) This protection is aimed inter alia against financially irresponsible motorists whose identity cannot be reasonably ascertained through the identity of the involved motor vehicle, the owner or the operator *470 thereof. The innocence of the victim should be established without any taint of fraud or collusion (Insurance Law, § 615), and free from the intentional filing of any document that is false, untrue or contains any material misstatement of fact (Insurance Law, § 624). Thus, an application for an order permitting suit against the corporation places a heavy responsibility upon the court to see to it that the letter and spirit of article 17-A are met.
The typical ‘ ‘ hit and run ’ ’ personal injury ease has been covered by criminal legislation, as follows: “ Ainy person operating a motor vehicle or motor cycle who, knowing that injury has been caused to a person, due to the culpability of the person operating such motor vehicle or motor cycle, or to accident, leaves the place of said injury or accident, without stopping, exhibiting his license and giving his name, residence, including street and street number, and license number, to the injured party and also to a police officer, or in case no police officer is in the vicinity of the place of said injury or accident, then reporting as soon as physically able the same to the nearest police station or judicial officer, is guilty of a misdemeanor.” (See Vehicle and Traffic Law, § 70, subd. 5-a, entitled “ Leaving scene of accident without reporting ’ ’, added by L. 1933, ch. 290, as amd. by L. 1937, ch. 200; continued in Vehicle and Traffic Law, § 600, entitled ‘ ‘ Leaving scene of accident without reporting ”, added by L. 1959, ch. 775, eff. Oct. 1,1960.)
Under this statute, the accused must be ascertained and identified ultimately in order to be found guilty of a misdemeanor, whereas under article 17-A of the Insurance Law the wrongdoer’s identity is unascertainable. If the wrongdoer should comply with subdivision 5-a of section 70 of the Vehicle and Traffic Law by not leaving the place of said injury or accident, by stopping, by exhibiting his license and giving his name and address to the injured party and police or judicial officer, such should result in making sections 617 and 618 of the Insurance Law inapplicable because the wrongdoer’s identity should be ascertainable.
Although sections 617 and 618 of the Insurance Law, mention “‘hit and run’” cases in their titles, nevertheless, the provisions of these sections indicate a more accurate name of “ hit and hide.” In other words, after the hit, there must be a successful hiding of the involved motor vehicle and the owner and operator thereof, whose- identity cannot be ascertained after the exercise of all reasonable efforts.
Here, the operator, after hitting Shaw, briefly played the role of the “good Samaritan” in that he transported Shaw, *471 who was injured, dazed and semiconscious, to the latter ?s home and gave Shaw his name and address that failed to lead to the identity of the motor vehicle, owner or operator. This would amount to a violation of subdivision 5-a of section 70 of the Vehicle and Traffic Law because the operator failed to exhibit his license and failed to report the accident to the proper public authorities.
Since the involved motor vehicle, operator and owner have not been identified, the remaining question remains: Has the applicant submitted sufficient evidence to establish these facts in accordance with sections 617 and 618 of the Insurance Law? In other words, has the applicant made all reasonable efforts to establish the identity of the motor vehicle and of the owner and operator thereof, and the identity of the motor vehicle and the owner and operator cannot be established?
The moving papers consist of affidavits of the applicant, his attorney and an investigator. Upon the question of identity, these papers, in effect, state: That the applicant made a diligent effort to ascertain the identity of the ‘1 hit and run motor vehicle and of the owner and operator of the same ” and has failed to establish them; that, upon information and belief, the local police authorities tried and failed to ascertain their identity; that the driver of the involved motor vehicle gave the applicant a slip of paper containing two names and a license number; that the applicant, being injured, dazed and semiconscious, does not know who the operator or his passenger was; that the day after the accident, the applicant went to the hospital for treatment and reported the accident to the Buffalo Police Department; that the operator said his name was James Williams, residing at 36 Chester Street, and his passenger was Boy Creen, residing at 21 Lyth Avenue; that although one James Williams resided at 36 Chester Street, Buffalo, N. Y., he had moved, leaving no forwarding address; that no person named Boy Creen ever lived at 21 Lyth Avenue, Buffalo, N. Y.
The answering affidavit states that the corporation caused an investigation to be made to learn the identity of the driver through its agent, the Ceneral Adjustment Bureau, confirming the above facts; that ‘ ‘ the plaintiff is aware of the identity of the owner and operator of the motor vehicle involved in this accident but is unable to locate him. ’1
No evidence has been submitted to this court that a report of this accident has, or has not, been filed with the Commissioner of Motor Vehicles of this State or the Police Commissioner of the City of Buffalo. (See art. 6-A — Motor Vehicle Financial Security Act; L. 1956, ch. 655; Vehicle and Traffic Law, § 94-f, *472 entitled, “ Report required upon accident,” and § 94-z, entitled, “ Commissioner to furnish operating record.”) The Commissioner’s certificate upon this subject should be submitted as corroborative evidence that “ all reasonable efforts ” have been made to establish identity.
Certainly, this is a borderline case. No attempt is made to pass upon any possible fraud or collusion or false documents. These are open questions.
Upon this preliminary phase of the new procedure created by article 17-A of the Insurance Law, the affidavits are sufficient, except for the Commissioner’s certificate that the accident was reported or not as the case may be. If the proper report of accident has been filed showing the identity of the involved motor vehicle or the owner or the operator thereof, this application should be denied; if not so filed, this application should be granted.
Therefore, the motion is denied, unless within 30 days after the signing of the order to be submitted herein, the applicant furnishes to the court the Commissioner’s “ certified abstract of the operating record” of the persons involved in this accident, showing that the identity of the motor vehicle or the owner or the operator cannot be ascertained, in which event, the motion is granted. No costs. Submit order accordingly.