Nathaniel T. Helman, J.
This is an application by plaintiff’s guardian ad litem for leave to bring an action on behalf of the infant for personal injuries and for his medical expenses and loss of services, against the Motor Vehicle Accident Indemnification Corporation pursuant to article 17-A of the Insurance Law of the State of New Tort.
It is claimed that the infant plaintiff sustained personal injuries as a result of “ falling off ” the rear of a motor vehicle of a “ hit and run ’ ’ motorist on May 6, 1959 in the vicinity of East 156th Street and Cauldwell Avenue.
The motor vehicle in question was an ice cream vending machine plying its trade in the neighborhood of the alleged incident whose driver is charged with having left the scene of the accident. In opposing the application four specific grounds are urged by defendant: (a) the failure by applicant to show that “ applicant has a cause of action against the operator or owner of such motor vehicle ” (Insurance Law, § 618, subd. [a], par. [4]).
It was not within the contemplation of the Legislature that applicant present the court with such evidentiary matters as would meet every probative test of a prima facie case of negligence. A general statement of the circumstances sufficient to demonstrate that the elements of a cause of action appear, is adequate. The affidavit of Herman Flores meets those requirements.
*886 (b) That the requirements of section 617 have not been met. That section provides, ‘1 unless the bodily injury to the insured or qualified person arose out of physical contact of the motor vehicle causing such bodily injury ’ ’ etc. It is claimed that since the infant fell or jumped from the vehicle, his contact was not with the vehicle but the roadway. But the section goes on to refer to the motor vehicle which the insured was ‘ ‘ occupying ” at the time of the accident. Says the statute, “ The word ‘ occupying ’ means in or upon or entering into or alighting from.” Obviously the latter language embraces a situation where the injured party fell or jumped from a motor vehicle. The case is distinguishable from Matter of Bellavia v. Motor Vehicle Acc. Ind. Corp. (28 Misc 2d 420), for there no claim was asserted of contact with the vehicle charged with responsibility.
(c) Compliance with subdivision (b) of section 608 is questioned in that no report was made to the Police Department of a ‘ ‘ hit and run ’ ’ accident. The court regards the police report of May 5, 1959 as a compliance with this statutory requirement. "While the principle of Matter of Bonavisa v. Motor Vehicle Acc. Ind. Corp. (21 Misc 2d 963, 964) is otherwise sound, the facts in that case are not similar to the case at bar.
(d) By the provisions of section 618 (subd. [a], par. [5]) claimant must make all reasonable efforts to ascertain the identity of the motor vehicle and the owner or operator thereof. The exhibit attached to defendant’s affidavit negatives any assertion by claimant that he was diligent in this regard.
In Matter of Shaw v. Moto Vehicle Acc. Ind. Corp. (24 Misc 2d 466) the applicant was given the names of two persons as the likely operator and passenger in the “ hit and run ” car and upon investigation by the applicant one had moved leaving no forwarding address, the other never lived at the address given. Thus the court felt that there was sufficient investigation to allow suit. In the instant case the applicant has been furnished with the information that a likely suspect might be Mr. Softee Ice Cream Company located in The Bronx. No effort has been made by the applicant or any one on his behalf to pursue this information, which could be obtained by an examination before trial in order to frame issues for a complaint.
Therefore, this application is denied without prejudice to a renewal thereof upon a proper showing that the applicant has made a reasonable effort to ascertain whether Mr. Softee Ice Cream Company is or is not in fact the owner of the truck involved in the alleged incident.