J. Daniel Pink, J.
This is a motion by the defendant, Motor Vehicle Accident Indemnity Corporation, hereinafter referred to as MVAIC, to dismiss the complaint pursuant to subdivision 4 of Rule 106 of the Rules of Civil Practice upon the ground it does not state facts sufficient to constitute a cause of action.
The action arises out of a motor vehicle accident between a taxicab in which the plaintiff Pearl Bogdanoff was a passenger and a vehicle owned hy a New Jersey resident and registered in that State. It is alleged that the latter vehicle was an uninsured car owned by the defendant Christine Brown, stolen and driven by an unknown operator. The coplaintiff is the husband who seeks to recover for loss of services.
The plaintiffs have named the owner of the taxieah, the operator of the taxicab, the owner of the car that collided with the taxicab, as well as MVAIC as defendants. The only defendants who have been served with process are the taxicab owner and MVAIC.
Article 17-A (§§ 600-626) of the Insurance Law (L. 1958, eh. 759, eff. Jan. 1, 1959) is concededly the only basis upon which liability may be imposed upon MVAIC. It is plaintiffs’ contention that the statute creates a direct cause of action against MVAIC and that a suit for damages against it may be maintained in the first instance.
MVAIC maintains that it may not be sued directly except where leave is granted by the Supreme Court in pursuance of section 618 of the Insurance Law which section is confined solely *233 to “ hit and run ” cases (see Vehicle and Traffic Law, § 600; cf. Bellavia v. Motor Vehicle Acc. Ind. Corp., 28 Misc 2d 420).
MVAIC was created to secure to innocent victims of motor vehicle accidents recompense for the injury and financial loss inflicted upon them through no fault of their own when caused by seven classes of vehicles, pertinent here being: 11 (1) uninsured motor vehicles registered in a state other than New York * * * (4) stolen motor vehicles, (5) motor vehicles operated without the permission of the owner (Insurance Law, § 600, subd. [2]).
It is obvious that the statute creates a liability that did not exist before. In this circumstance, it has been held that: “If a statute creates a liability where otherwise none would exist, or increases a common-law liability, it will be strictly construed. A statute, even when it is remedial, must be followed with strictness, where it gives a remedy against a party who would not otherwise be liable. The courts will not extend or enlarge the liability by construction; they will not go beyond the clearly expressed provisions of the act.” (Berger v. City of New York, 260 App. Div. 402, 404, affd. 285 N. Y. 723.)
The only provision of the statute manifesting legislative intent to permit direct action against MVAIC, and then only after leave has been granted by the Supreme Court, may be found in section 618, which limits any direct action against MVAIC to those cases in which the identity of the appropriate defendant cannot be ascertained.
The legislative intent is further evidenced by consideration of the following provisions: subdivision (e) of section 606 of the Insurance Law which provides that MVAIC shall have the power “ To enter an appearance * * * on behalf of the financially irresponsible motorist * * * to conduct the defense of the financially irresponsible motorist * * * all without prejudice to the right of any such irresponsible motorist also to employ his own counsel in the defense of such action ” (emphasis supplied).
Subdivision (b) of section 609, which provides that MVAIC may “ enter an appearance * * * on behalf of the defendant, file a defense, appear at the trial or take such other steps as it may deem appropriate on the behalf and in the name of the defendant ” (emphasis supplied).
Section 610 which provides that “ When any qualified person who has complied with all the applicable requirements of this article recovers final judgment * * * against a financially irresponsible motorist * * * such judgment creditor * * * may apply to the court for an order directing payment *234 by the corporation of the amount unpaid upon such judgment ” (emphasis supplied).
Section 616 which provides that “ The corporation shall not pay any sum, in compliance with an order made for that purpose, in any case in which the claim is founded upon a judgment, except a judgment obtained against the corporation * * * until the petitioner assigns the judgment to the corporation ” (emphasis supplied).
Clearly the defendant referred to in the above sections is the financially irresponsible motorist whom MVAIC is empowered to defend. If the Legislature had intended to permit direct suits generally, it would have been a fairly simple matter to manifest such intention (cf. § 618), and there would be no need to provide for the order directing payment (§ 610) or for the assignment of the judgment (§ 616).
It is obvious that the legislative scheme contemplates two different procedures, one involving identified defendants and the other unidentified defendants (§ 608, subds. [a], [b]). Where the defendant is identified, the plaintiff must proceed against him, and upon obtaining final judgment may apply pursuant to section 610 for an order directing payment on condition that plaintiff assign the judgment to MVAIC. In the ‘ ‘ hit and run ” cases a different procedure is required, since the necessary identification is lacking.
Where there is the slightest evidence that the defendant is known or identified, leave to sue MVAIC will be denied and plaintiff will be required to pursue his remedy against the identified defendant (Shaw v. Motor Vehicle Acc. Ind. Corp., 24 Misc 2d 466; Crespo v. Motor Vehicle Acc. Ind. Corp., N. Y. L. J., Sept. 18,1961, p. 14, col. 1).
In the Crespo case (supra) the court stated: “ On this record the proof submitted does not convince me that the respondent should be made a defendant at this time. The pending suit against the present defendants might be prosecuted to its conclusion without subjecting the Motor Vehicle Accident Indemnification Corporation to the expense for defending a suit in which the present defendants might be found liable.”
Since the complaint in this action fully identifies the motor vehicle and the owner thereof, the motion is granted, the complaint is dismissed against the defendant MVAIC, and the action severed as to the remaining defendants.