Louis B. Heller, J.
The plaintiff in an automobile negligence action, brought against the individuals owning and operating the *556 offending vehicle, applies for leave to sue Motor Vehicle Accident Indemnification Corporation, hereinafter referred to as “ MVAIC ”, under section 618 of the Insurance Law and to make MVAIC a party defendant herein.
Plaintiff, the operator of a passenger-occupied taxicab, was injured as the result of a collision with another vehicle (as a matter of convenience hereinafter referred to as “vehicle”). The two persons occupying the vehicle left the scene of the accident on foot without identifying themselves. The passenger in the taxicab was also injured. A police patrol car came to the scene. The police-aided cards state that the name of the operator of the vehicle is 11 unknown ’ ’. Investigation by the plaintiff disclosed that at the time of the accident the keys to the vehicle were in possession of a Marion Saum.
Plaintiff thereupon commenced the present action against the owner and Marion Saum, naming the latter as the operator. The latter has denied being the operator, though admits receiving the keys from the owner on the afternoon or evening of the accident and of operating the vehicle while changing its parking location from one place to another. Her admitted operation of the vehicle occurred within the general, though not immediate, vicinity of the accident, possibly one to three hours before the accident. She was not too definite about the time.
On this motion the parties agree that it is incumbent upon the plaintiff to satisfy the court that all reasonable efforts have been made to ascertain the identity of the operator “ and either that the identity of the * * # operator thereof cannot be established, or that the identity of the operator who was operating the motor vehicle without the owner’s consent, cannot be established.” (Insurance Law, § 618, subd. [a], par. [5].)
To permit the institution of a statutory cause of action against MVAIC the court is bound by the provisions of the Insurance Law (§ 618). The language restricts the court to a situation wherein “the court is satisfied” that claimant complies. In the court’s view the word ‘ ‘ satisfied ” is “ employed as meaning convinced”. (78 C. J. S., p. 583.) A reasonable effort includes the pursuance ¡of information which could lead to the ascertainment of identity. (Flores v. MV AIC, 32 Misc 2d 884, 886.)
Absent a trial or a hearing on the issue as to whether the defendant Saum was or was not the operator, the court would not be warranted in making a finding at this time (3) that plaintiff has made all reasonable efforts to ascertain identity and (2) that identity cannot be established. Without a trial of the present action the court is not convinced, or satisfied, that plain *557 tiff has made all reasonable efforts to ascertain identity (see Crespo v. MV AIC, N. Y. L. J., Sept. 18, 1961, p. 14, col. 1).
In the meanwhile, plaintiff’s rights are protected. In the event judgment should be rendered against plaintiff and in favor of the defendant Saurn on the issue of identity, the statute affords plaintiff three months’ time within which to make application to the court for authority to bring an action against MVAIC (see Insurance Law, § 618, subd. [b]).
The motion is denied, without prejudice, however, to a renewal either upon additional facts deemed convincing or upon the conclusion of the trial of the present action, if the plaintiff be so advised. (See Kralovich v. Mykitschak, N. Y. L. J., July 18, 1962, p. 7, col. 4; Zissman v. MV AIC, N. Y. L. J., June 27, 1962, p. 8, col. 5.)
A further question was raised herein pertaining to the plaintiff’s status as a qualified person under the statute. On this point the court is satisfied from the evidence submitted in the reply affidavits that the plaintiff is a qualified person (Insurance Law, § 601, subd. b). As the driver of a taxicab covered by bond rather than by a policy of insurance, the plaintiff is not an insured person (Insurance Law, § 601, subd. i; Matter of MV AIC [Haynes], N. Y. L. J., Feb. 5, 1962, p. 15, col. 1).