■ CLYDE GILLIAM, as Administrator of the Estate of RICHARD GILLIAM, Deceased, Appellant, v. CHARLES LEE, Repondent.— In an action to recover damages for wrongful death, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered January 29, 1968 in favor of defendant after a nonjury trial. Judgment reversed, on the law and the facts, and new trial granted, with costs to abide the event. This action for wrongful death, brought by an ostensibly " qualified person " (Insurance Law, § 601, subd. b), was tried before *Matter of Nagel* (*MVAIC*) (22 N Y 2d 165) was decided. MVAIC, which undertook the defense of the action (see Insurance Law, § 609, subd. [b]), asserted two separate defenses. The first defense, purportedly on behalf of MVAIC alone, alleged that the deceased was not an " innocent victim " within the meaning of article 17-A of the Insurance Law (see Insurance Law, § 600, subd. [2]). The second defense, asserted on behalf of defendant and MVAIC, alleged that the deceased had assumed the risk. In *Matter of Nagle* (*supra,* p. 170), the court defined the phrase "innocent victim" as synonymous with the phrase " without fault " insofar as it connotes a freedom from negligence. This means that " qualified persons " under the Accident Indemnification Law owe no higher duty, in terms of the standard of care they must observe, to MVAIC than they do to the financially irresponsible motorist they must first sue and from whom they must recover judgment (Insurance Law, § 610, subd. [a]; *Bogdanoff* v. *MVAIC,* 33 Misc 2d 232; *White* v. *MVAIC,* 39 Misc 2d 678). For the purposes of this appeal, then, we have treated the first affirmative defense as one alleging that the deceased was contributorily negligent (cf. CPLR 3026). The burden of proof on this issue, of course, was on defendant (EPTL 5-4.2). The statutory defenses available to MVAIC (Insurance Law, § 611) have no place in this wrongful death action against an individual. In legal contemplation, this is a suit against defendant Lee; and plaintiff is not required

to overcome the additional burdens of the MVAIC statutory defenses. In our opinion, a new trial is in order. For apparently no reason, defendant's automobile, driven by defendant, crashed into a stationary stanchion on the Major Deegan Expressway. Negligence has been conceded. The deceased was killed and another passenger suffered injuries. The dual theory of the defense was that the deceased was not "without fault" because (1) he had assumed the risk, since he rode with defendant when he knew, or should have known, that defendant was intoxicated and, therefore, incapable of driving with due care; and (2) he was contributorily negligent, since his own drunken condition prevented him from exercising the kind of care that was required of him once he entered the vehicle and the journey was commenced. We believe that the finding that plaintiff's decedent was guilty of contributory negligence or that he assumed the risk was against the weight of the evidence. In our opinion, the indorsement on the indictment entered contemporaneously with the plea, shows that defendant pleaded guilty to reckless driving and not to driving while intoxicated. The prejudicial effect of the erroneous finding by the trial court that defendant had pleaded guilty to driving while intoxicated cannot be gainsaid, for it alone could provide a basis for finding that defendant was intoxicated at the time in question (cf. *Schindler* v. *Royal Ins. Co.,* 258 N. Y. 310; *Matter of Rechtschaffen,* 278 N. Y. 336). Because a new trial must be held, we feel it advisable to note that the trial court correctly excluded evidence of Bascom's prior settlement with MVAIC. Aside from the firm rule in this jurisdiction which prohibits the introduction of such evidence (*Woodland* v. *Cote,* 252 App. Div. 254; *Goldstein* v. *Albany Yellow Cab Co.,* 249 App. Div. 701; *Cochrane* v. *Fahey,* 245 App. Div. 41; cf. *Keet* v. *Murrin,* 260 N. Y. 586), there is no evidence in this record to suggest that defendant either consented or acquiesced to the settlement. Thus, even if the rule as to prior settlements were otherwise, the settlement could not be styled as an admission by defendant (cf. *Reed* v. *McCord,* 160 N. Y. 330). Beldock, P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.