FOURTH DEPARTMENT, NOVEMBER, 1940.
(November 8, 1940.)

FILLMORE L. HALL, Appellant, *v.* ROBERT G. BARDOL and BARDOL COMPANY, INC., Respondents.

All concur, except Dowling, J., who dissents and votes for reversal on the law and facts and for granting a new trial, in an opinion. Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

DOWLING, J. (dissenting). The plaintiff and the defendant Robert G. Bardol are residents of New York State. The defendant Bardol Company, Inc., is a New York corporation. On November 11, 1938, the plaintiff and Mr. Bardol went in an automobile, owned by the Bardol Company, Inc., to Port Colborne, Province of Ontario, Canada, to hunt ducks. On the return trip, while proceeding along the Garrison Road, in the Province of Ontario, an accident happened resulting in injury to the plaintiff. At the time of the accident, Mr. Bardol was driving at a speed estimated to be about sixty miles per hour. The accident occurred after dark. The head lights of an approaching car interfered with Mr. Bardol's vision. As the other car passed by, he observed a car, with a faint tail light, ten to twelve feet ahead of his car. He set his brakes and turned his car to the left to avoid a collision, with the result that his car skidded along the pavement onto the shoulder of the road, hurdled a small ditch, crossed the highway boundary line and, after travelling a hundred feet or more on private property, overturned. After the car had left the highway, the driver's foot was not on the brake pedal and he failed to apply the brakes so as to reduce the speed of the car or to guide it on its course through the private, open field. On the contrary, he wheeled the car so violently from side to side that it capsized and rolled over two or three times, throwing the occupants out of the car. The plaintiff sues to recover damages for the injuries suffered by him when the car capsized.

Section 47, part VIII, chapter 288 of the Highway Traffic Act, Revised Statutes of Ontario, 1937, provides: " (1) The owner of a motor vehicle shall be liable for loss or damage sustained by any person by reason of negligence in the operation of such motor vehicle on a highway unless such motor vehicle was without the owner's consent in the possession of some person other than the owner or his chauffeur, and the driver of a motor vehicle not being the owner shall be liable to the same extent as such owner. (2) Notwithstanding the provisions of subsection 1, the owner or driver of a motor vehicle, other than a vehicle operated in the business of carrying passengers for compensation, shall not be liable for any loss or damage resulting from bodily injury to, or the death of any person being carried in, or upon, or entering, or getting on to, or alighting from such motor vehicle."

With this statute in mind, the plaintiff framed his complaint so as to charge a new and independent act of negligence in the operation of the car after it had entered upon private property. The defendants defend upon the ground, in substance, that the above provision of the Ontario Highway Traffic Act deprives a guest in an automobile of the right to maintain an action to recover for injuries arising from the negligent operation of an automobile whether such negligence occurred while the car is either on or off the highway. So far as has been disclosed, the Canadian courts have never determined whether or not the above provision applies to an action where the accident and the negligence which caused it occurred on private property. So it is for our courts to place their own construction on the said provision. The statute being one to regulate the traffic of motor vehicles upon the public highways of the Province of Ontario, I think it has no application to motor vehicles which are operated upon private property.

At the close of the evidence the court directed a verdict (not in the record) for the defendants on the ground that the plaintiff's injuries "were due to the negligent operation of defendants' automobile upon the highway rather than to any negligent operation after the defendant observed the car in the highway ahead of him. There has been no evidence offered that following discovery of the car ahead the defendant failed to use every effort to get his car under control and stop it; it being established that the injuries and damage which form the subject-matter of this action occurred and were occasioned by the negligent use of the defendants' motor vehicle in the course of its operation upon the highway the plaintiff cannot recover. * * * The negligent operation on the highway caused everything that followed after that." The court below, when it made this ruling, doubtless had in mind the plaintiff's testimony that Mr. Bardol, prior to the accident, had driven at a speed ranging from fifty to over sixty miles per hour, and that he had protested to the driver and that the above Ontario Highway Traffic Act (Part V, § 26 [2]) limited the speed of motor vehicles on a country highway to a speed not greater "than fifty miles per hour." The trial court did not construe the statute so far as accidents happening on private property are concerned. I think the court erred in directing a verdict for the reason that the evidence presented substantial issues of fact which should have been submitted to the jury. The jury could have found that the defendant driver was confronted with an emergency on the highway and could have relieved him from negligence on the highway providing the emergency was not the product of his own carelessness. Under such a finding the statute would not apply and the plaintiff could recover in the event that there was negligence in the operation of the car after it had entered upon private property, which negligence produced the accident. On the other hand, if the jury had found that the driver was negligent in the operation of the car on the highway, the plaintiff, nevertheless, could have recovered if the jury found that, after the car had entered upon private property, the driver was guilty of a new and independent act of negligence which produced the accident and that the plaintiff was free from contributory negligence.

I cannot assent to the view that the negligence of the driver occurring on the highway could not be rendered remote by a new and independent act of negligence on his part after the car had arrived on private property. The jury could have found that the proximate and sole producing cause of the accident was in the failure of the driver to apply the brakes and to guide the car on its course, after

it had left the highway, instead of wheeling it violently from side to side. The law regards the proximate and not the remote cause of an occurrence. (*Laidlaw* v. *Sage*, 158 N. Y. 73, 100.) The jury could have found that the negligent operation of the car in the highway was the antecedent but not the cause, in a juridical sense, of the accident. (*Lowery* v. *Western Union Telegraph Company*, 60 N. Y. 198, 203.)

The judgment should be reversed and a new trial should be granted.