FRANCIS L. OLSON, as Administrator of the Estate of WILLIAM L. OLSON, Deceased, Plaintiff, *v.* ADOLPH KILIAN et al., Defendants.

CARL V. HOERNER, as Administrator of the Estate of CARL V. HOERNER, JR., Deceased, Plaintiff, *v.* ADOLPH KILIAN et al., Defendants.

JAMES N. GRANTON, by ALMA GRANTON, His Guardian ad Litem, et al., Plaintiffs, *v.* ADOLPH KILIAN et al., Defendants.

Supreme Court, Special Term, Erie County, February 4, 1953.

Motion to dismiss complaints for insufficiency in law.

*Mortimer Allen Sullivan* and *Joseph Brownstein* for defendants.

*Edwin F. Kavinoky* for plaintiffs.

Vandermeulen, J. The complaints in these actions allege briefly and substantially, among other things, that the deceased persons and the injured infant were passengers in the automobile owned by Adolph Kilian and operated by his son, John Kilian, with the knowledge and consent of Adolph Kilian; that the accident resulting in the death of Carl V. Hoerner and William L. Olson and injuries to the infant James Norbert Granton occurred in the city of Welland, Province of Ontario, Dominion of Canada.

The complaints in the death action allege, among other things:

" Eleventh: Upon information and belief that the said vehicle at the time of said accident was operated in a negligent and careless and improper manner; at a fast and unreasonable rate of speed; without due care and control; that the driver thereof failed to exercise due care; failed to have his said vehicle under control; and otherwise created the conditions under which the said vehicle was caused to become involved in the aforesaid accident.

" Twelfth: Upon information and belief that the defendant, John Kilian, deliberately, intentionally and wantonly drove the said vehicle into the said abutment and bridge or other object off of the said highway or adjoining the same and into the waters of said canal as heretofore set forth.

" Thirteenth: Upon information and belief that the said operation of the defendant's vehicle constituted gross negligence.

" Fourteenth: Upon information and belief that the defend-

ant, John Kilian, violated the laws of the Province of Ontario and the Dominion of Canada.

" FIFTEENTH : Upon information and belief that as such passenger the decedent herein had no active, actual or physical control over the operation of said vehicle.

" SIXTEENTH : Upon information and belief that as such passenger, said deceased was guilty of no contributory negligence herein.

" SEVENTEENTH : That following and as a result of said submersion, the said decedent was caused to become suffocated and drowned."

The complaint in the infant's action alleges substantially the same, insofar as the claim of negligence and wanton negligence is concerned.

The defendants move for dismissal of the complaint pursuant to rule 107 of the Rules of Civil Practice. Apparently the defendants have invoked the wrong rule. Rule 106 is the proper rule. However, it would be a waste of time and serve no useful purpose to deny the relief because of this mistake and the court will therefore consider the motion pursuant to rule 106. Under that rule, the motion must be determined solely upon the pleadings.

The statute of the Province of Ontario has not been pleaded. However, in 1943, section 344-a of the Civil Practice Act was enacted which, briefly, gave to the courts the right to exercise discretion in taking judicial notice of the statute of a foreign country. (L. 1943, ch. 536.)

The case of *Pfleuger* v. *Pfleuger* (304 N. Y. 148) justifies my exercising discretion in taking judicial notice of the statute herein involved.

The defendant contends that section 50 of the Highway Traffic Act of the Province of Ontario, Canada (which was formerly section 47) bars recovery in these actions, since the plaintiffs were gratuitous passengers. This section provides:

" (1) The owner of a motor vehicle shall be liable for loss or damage sustained by any person by reason of negligence in the operation of the motor vehicle on a highway unless the motor vehicle was without the owner's consent in the possession of some person other than the owner or his chauffeur, and the driver of a motor vehicle not being the owner shall be liable to the same extent as the owner.

" (2) Notwithstanding subsection (1), the owner or driver of a motor vehicle, other than a vehicle operated in the business of carrying passengers for compensation, shall not be liable for

any loss or damage resulting from bodily damage to, or the death of any person being carried in or upon, or entering, or getting on to, or alighting from the motor vehicle.''

It will be observed that this section bars actions for negligence.

That the legislative bodies of the Province of Ontario did not intend to exempt operators of automobiles from the negligent operation of a vehicle when the act was wanton and willful negligence, is the opinion of the Ontario Court of Appeals. In *Harrison* v. *Toronto Motor Car, Ltd.* (1945 O. R. 1, 12) the court said: '' There are numerous factors which indicate that the words of subs. 2 of s. 47 were not intended to be applied in their widest and most unrestricted literal sense. The statute in which the subsection occurs is concerned with the regulations of highway traffic, and largely, though not exclusively, with motor vehicles on highways. Read literally, it might be argued that the subsection insulates the owner and driver from all liability for injuries to a person being carried in such motor vehicle, even if the injuries were done wilfully and by means other than the faulty operation of the motor vehicle. The more reasonable view is that the application is limited to the objects of the statute in which it is found ''.

The same court in the case of *Dokuchia* v. *Domansch* (1945, O. R. 141, 146) said: '' Section 47 (2) of the Highway Traffic Act does not exempt the defendant from liability because the provisions therein are applicable only to cases falling within the provisions of s. 47 (1) ''.

Our own Court of Appeals in *People* v. *Ryan* (274 N. Y. 149, 152) stated: '' In the interpretation of statutes, the spirit and purpose of the act and the objects to be accomplished must be considered. The legislative intent is the great and controlling principle. Literal meanings of words are not to be adhered to or suffered to ' defeat the general purpose and manifest policy intended to be promoted; ' all parts of the act must be read and construed together for the purpose of determining the legislative intent, and if the statute is ambiguous and two constructions can be given, the one must be adopted which will not cause objectionable results or cause inconvenience, hardship, injustice or mischief or lead to absurdity.''

I am of the opinion that the complaint should not be dismissed and that the question of liability under the pleadings should be determined by the trial court after all the evidence has been produced.

Submit order.