Charles Lambíase, J.
Defendants have moved “ for an order pursuant to Rule 106 of the Rules of Civil Practice, dismissing the complaint herein on the ground that it appears on the face thereof that it does not furnish facts sufficient to constitute a cause of action, and for such other and further relief as to this Court may seem just and proper.” (Notice of Motion dated Aug. 21, 1961.)
After alleging 1 ‘ that at all times hereinafter mentioned Route 20 was and still is a public thoroughfare located in the City of Niagara Falls, Ontario, Canada ”, the complaint alleges further : ‘1 fourth : That on or about the 4th day of July, 1961 and while the said infant plaintiff was lawfully riding as a passenger in the automobile owned by said defendant, Charles Colletta, and being operated by the defendant, Marshall Zilioux, she sustained certain serious injuries which are hereinafter more fully alleged and which resulted wholly and solely through *884 the negligence of the defendants and to which said infant plaintiff did not contribute and which occurred when the said defendant, Marshall Zilioux so carelessly and negligently operated said Pontiac automobile that he lost control of said vehicle, striking a certain guard pole off the said highway, thereby inflicting injuries upon her person.”
In support of their position defendants cite section 50, subdivision 2, of the Highway Traffic Act of Province of Ontario, Canada which statute, at all times herein mentioned, provided that ‘1 the owner or driver of a motor vehicle, other than a vehicle operated in the business of carrying passengers for compensation, shall not be liable for any loss or damage resulting from bodily injury to, or the death of any person being carried in, or upon, or entering, or getting on to, or alighting from such motor vehicle. ’ ’ The language of the statute is plain and unambiguous.
The accident involved occurred in the Province of Ontario, Canada, and hence the law of that province governs the rights of the parties herein. (Salimoff & Co. v. Standard Oil Co. of N. Y., 262 N. Y. 220.) While ordinarily the law of a foreign or sister State is a question of fact, there is no dispute herein as to the language of the foreign statute involved. It seems clear that under the Ontario statute guests have no cause of action for injuries against the owner or operator of the vehicle in which they are riding. There may be recovery under that statute only where a vehicle is “ operated in the business of carrying passengers for compensation ”.
Defendants’ motion is granted and the complaint must be and hereby is dismissed. (Carlin v. Carlin, 29 N. Y. S. 2d 925; Bullis v. Burke, 7 A D 2d 959.)