**UNITED STATES of America**

v.

**Authur Eugene WHITCOMB.**

**Civ. No. 12130.**

United States District Court
D. Maryland.

Dec. 19, 1961.

Joseph D. Tydings, U. S. Atty., and Stephen H. Sachs, Asst. U. S. Atty., Baltimore, Md., for plaintiff.

Jack L. Medwedeff, Baltimore, Md., for Unsatisfied Claim and Judgment Fund.

THOMSEN, Chief Judge.

The pending application under Art. 66½, sec. 158 of the Maryland Code presents the question whether the United States is a "qualified person" entitled to be paid out of the Maryland Unsatisfied Claim and Judgment Fund the amount of a judgment recovered by the United States in this court against an uninsured Maryland motorist for damage to a Post Office truck.

The Unsatisfied Claim and Judgment Fund Law, ch. 836 of the Acts of 1957, is codified as Art. 66½, sec. 150 et seq. of the Annotated Code, 1957 ed. The law was summarized, discussed and held constitutional in Allied American Mutual Fire Ins. Co. v. Commissioner, 219 Md. 607, 150 A.2d 421. However, the question presented by this application was not mentioned in that opinion, nor in any other opinion cited or found.

Art. 66½, sec. 158 provides: "When any qualified person or the personal representative of such person recovers a valid judgment for an amount in excess of one hundred dollars ($100.00), exclusive of interest and costs, in any court of competent jurisdiction in this State, against any other person who was the operator or owner of a motor vehicle, for injury to, or death of, any person or persons or for damages to property, except property of others in charge of such operator or owner or such operator's or owner's employees, arising out of the ownership, maintenance or use of the motor vehicle in this State on or after the first day of June, 1959, and any amount in excess of one hundred dollars ($100.00) remains unpaid thereon, such judgment creditors may, upon the termination of all proceedings, including reviews and appeals in connection with such judgment, file a verified claim in the court in which the judgment was entered and, upon ten days' written notice to the board, may apply to the court for an order directing payment out of the funds, of the amount unpaid upon such judgment, subject to the limitations stated in § 162."

Sec. 159 provides for the hearing on such application, sec. 160 for the order. The applicant is required by sec. 159 to show, inter alia, "(c) He was not at the time of the accident, operating any uninsured motor vehicle owned by him". An "uninsured motor vehicle" is defined in sec. 150(h) as "a motor vehicle as to which there is not in force a liability policy meeting the requirements of § 122 of this article and which is not owned by a holder of a certificate of self-insurance under said law". At the time of the accident the United States was not the holder of such a certificate of self-insurance. It has obtained one since, and the attorney who is defending the Fund has waived this point, stating that the Fund Board desires to have this court decide the recurring question whether the United States is a "qualified person" under sec. 158, quoted above.

Sec. 150 defines "Qualified Person" and "Person" as follows:

"(g) 'Qualified person' means a resident of this State or the owner of a motor vehicle registered in this State or a resident of another state, territory or federal district of the United States or province of the Dominion of Canada, or foreign country, in which recourse is afforded to residents of this State, of substantially similar character to that provided for by this subtitle."

"(i) 'Person' includes natural persons, firms, copartnerships, associations, corporations and governmental bodies."[1]

"Resident" is not defined in sec. 150, and two judges of the Supreme Bench of Baltimore City have held that the definition of that term in sec. 2 of Art. 66½ does not apply to the Unsatisfied Claim and Judgment Fund Law. Doleman v. Sentelle, Baltimore City Court, Tucker, J., Daily Record, July 18, 1961, and State, use of Hamel v. Jewell, Superior Court of Baltimore City, Prendergast, J., Daily Record, Oct. 17, 1961. Judge Tucker said: "The words of the statute 'resident of this state' are plain, and are to be applied in their true sense, not in a pseudo sense." Judge Prendergast agreed. So does this court.

Three classes of qualified persons are entitled to the benefit of sec. 158: (a) a resident of the State of Maryland; (b) the owner of a motor vehicle registered in the State; and (c) a resident of another state, territory or federal district of the United States or province of the Dominion of Canada, or foreign country, in which recourse is afforded to residents of Maryland, of substantially similar character to that provided for by the Unsatisfied Claim and Judgment Fund Law.

(a) The United States is not a resident of the State of Maryland within the meaning of the statute under consideration or in any true sense.

(b) Nor is it the owner of a motor vehicle registered in the State of Maryland. Many Post Office vehicles and other vehicles owned by the United States are garaged and used in Maryland, but they carry U. S. Government tags or plates and are not registered with the State Department of Motor Vehicles. Such vehicles are exempted from the payment of registration fees by sec. 23 of Art. 66½ of the Maryland Code, but are required by that section to display identification markers or other insignia approved by the Commissioner of Motor Vehicles.

(c) The United States Government has been held to be a resident of the United States, for certain purposes, at least. Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 91–93, 55 S.Ct. 50, 79 L.Ed. 211. The seat of government is in the District of Columbia, a federal district of the United States, but it would not aid the United States in this case if it were held to be a resident of the District of Columbia, because the law of the District does not afford recourse to residents of Maryland of substantially similar character to that provided by the Maryland statute under consideration. Doleman v. Sentelle, supra.

The United States must qualify, if at all, by virtue of (1) the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671–2680, and (2) the fact that the Maryland statute includes governmental bodies in the definition of persons.

(1) Does the Federal Tort Claims Act afford recourse to residents of Maryland of substantially similar character to that provided by the Maryland statute? The

---

[1]. The Maryland statute was patterned on the New Jersey statute, but the New Jersey statute does not include "governmental bodies" in the definition of "persons". See 39 N.J.S.A. (Cum.Supp. 1960), § 6–62. Several states have established unsatisfied judgment funds by statutes which differ among themselves in various respects. E. g. the North Dakota law permits only residents of that state to recover from the fund, because only residents of that state contribute thereto. See 39 N.D.C.C. (1960) § 39–17–02; Benson v. Schneider, N.D., 68 N.W.2d 665.

Tort Claims Act is not similar to the Maryland statute; but it does permit recourse generally against the government for personal injury or property damage sustained by *any* person as the result of the negligent or wrongful act of any employee of the government, acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. Certain important exceptions are set out in 28 U.S.C.A. § 2680. See Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427.

The Tort Claims Act is not based in any way upon reciprocity, and in State, use of Hamel v. Jewell, supra, Judge Prendergast said: "The Unsatisfied Claim and Judgment Fund Law is social legislation, intended for the benefit of a limited group of persons. It extends benefits to *bona fide* residents of Maryland, nonresidents who register their vehicles in this State (and thereby contribute to the Fund), and nonresidents of states where Maryland could obtain similar relief by reciprocity. * * *"[2]

In the case at bar the Fund contends that the factor of contribution to a fund similar to the Maryland Fund is the controlling factor in reciprocity. However, the statute does not fully support this argument, because self-insurers may recover under sec. 158 as qualified persons, even though they do not contribute to the Fund.

Moreover, there is nothing in the Federal Tort Claims Act analogous in any

way to the "hit-and-run" provisions of the Maryland Act. Art. 66½, sec. 167 et seq.

(2) The Maryland Legislature probably included "governmental bodies" in the definition of persons in sec. 150(i) because it wished to extend the benefits of the Act to state, county and municipal agencies and other governmental bodies which customarily register their vehicles with the Department of Motor Vehicles and purchase tags, although they are not required to pay registration fees. See Art. 66½, sec. 23. Those governmental bodies usually carry liability insurance on their vehicles, thus contributing indirectly to the Fund through their insurers. The United States is therefore within the definition of "person" contained in sec. 150(i), but in order to recover from the Fund it must also be a "qualified person" under sec. 150(g).

It is doubtful whether the Legislature considered the special problem presented by the United States, which operates vehicles of various types in the State of Maryland and does not register any of them with the State. Of course, it does not contribute to the Fund and has only recently obtained a certificate of self-insurance. In Wormack v. Howard, 33 N. J. 139, 162 A.2d 846, 848, the Court of Appeals of New Jersey said: "But before coverage can be extended to any applicant, he must clearly demonstrate that he is a member of the class for whose benefit the Fund was established. The following observation from Re Sinclair v. Woodward, (1952) 1 D.L.R. 398, 400 (Ont.Ct.App.1951) is here pertinent: 'But that Fund is not available to every

2. In Howard v. Cosby, Court of Common Pleas, Daily Record, June 9, 1961, Chief Judge Niles considered the New York law, which is similar in some respects to the Maryland statute under consideration but permits recovery only for personal injuries and not for property damage. Judge Niles said: "The Court interprets the [Maryland] Act to mean that insofar as the law of New York or some other State, provides a remedy for a given class of damages, or presents substantial similarity to the recourse given by the law of Maryland, the

New York citizen is entitled to the provisions of the Maryland law; but that insofar as the New York Fund fails to give a remedy to a Maryland citizen in a class of damages for injuries, then the Maryland Fund should not be liable to the New York citizen. Thus, the New York citizen in this case is held to be a 'qualified' person with respect to damages for personal injuries but not a 'qualified person' with respect to property damages." Judge Niles did not discuss the provisions of the New York law dealing with contributions to the Fund.

judgment creditor. It is available only in cases falling within the provisions of the Act. The Fund is made up of contributions from members of the public, and the Court is, in a sense, the guardian of the Fund. * * * The burden is on a judgment creditor making application for an order directing payment out of the Fund to show that the case *clearly falls within the provisions of the Act,* and that he is entitled to an order directed to the Minister requiring him to make a payment from the Fund.'" (Emphasis added by the New Jersey Court.)

This court concludes that the United States is not a "qualified person" entitled to proceed under sec. 158 of the Maryland law.