Jacob Markowitz, J.
Originally three petitioners moved for leave to bring suit against the Motor Vehicle Accident Indemnification Corporation, pursuant to the provisions of section 618 of the Insurance Law. By a previous order of this court, a hearing was prescribed in order to determine whether petitioners, or any of them, are “ qualified persons ”, within the meaning of the statute, entitled to institute an action against respondent, MVAIC. At the trial all parties stipulated to an agreed statement of facts to be employed by the court in determining the issues.
The pertinent facts are briefly as follows: On June 1, 1960, petitioner Anthony Farina was driving an uninsured motor vehicle, owned by his mother, in Staten Island, New York. An infant, Theodora Farina, a sister of Anthony, and a friend, Eva Bruno, both petitioners herein, were passengers in the said automobile. All of the petitioners were and are residents of New Jersey. The vehicle was struck by an unidentified “ hit- and-run ” automobile, and all petitioners sustained personal injuries, for which they seek recovery from the MVAIC.
As stated, the only controversy herein is whether any of the petitioners are qualified persons. This question, however, has no pertinence to the petition of the nonresident operator of the uninsured vehicle herein, Anthony Farina. Clearly, a person operating an uninsured motor vehicle at the time of an accident involving a “hit-and-run” situation, may not be permittted to bring suit against the MVAIC (Insurance Law, § 618, subd. [a], par. [3]). Said petitioner has, in fact, conceded that his claim must fail.
*36 As to the passenger petitioners, however, the issue of qualification must be resolved. Subdivision b of section 601 of the Insurance Law, where applicable, defines a “ qualified person ” to mean “ * * * (2) a resident of another state .* * * in which recourse is afforded, to residents of this state, of substantially similar character to that provided for by this article ’ Accordingly, I must look to the laws of the State of New Jersey to determine whether a resident of New York, involved in a factual situation in New Jersey similar to the one herein, could secure the same relief, sought here, from the New Jersey equivalent of the MVAIC. It is obvious that the laws of New Jersey encompass a statute comparable to our Motor Vehicle Accident Indemnification Corporation Law, and there labeled the Unsatisfied Claim and Judgment Fund Law (N. J. Stat. Ann., § 39:6). But mere comparability is not the criterion to be applied in determining whether recourse of a substantially similar character is provided. The real test of reciprocity, as applied by the courts of New Jersey, and which equally should be applied by our courts, “is whether the state from which the nonresident comes would extend an equal benefit to a nonresident upon the same facts ” (Betz v. Director of Division of Motor Vehicles, 27 N. J. 324, 330). In conjunction with this criterion, therefore, section 39:6-78 of the New Jersey Statutes Annotated, which pertains to ‘1 hit-and-run ’ ’ cases, is particularly pertinent. It reads, in part: “ no judgment against the director shall be entered in such an action unless the court is satisfied, upon the hearing of the action, that — * * * (c) The claimant was not at the time of the accident operating or riding in an uninsured motor vehicle owned by him or his spouse, parent or child.” In the instant case, petitioner Gertrude Farina is the owner of the vehicle and petitioner Theodora Farina, although only a passenger in the automobile, is the daughter of the owner of said vehicle. The New Jersey statute specifically bars recovery by a passenger who is the owner of or one whose parent owns the vehicle. Accordingly, under a similar set of facts, New York residents such as Gertrude Farina and Theodora Farina could not maintain suit against the Director of the New Jersey Fund. It follows that, as to such situation, the law of New Jersey would not provide an equal benefit to a New York resident and, therefore, such law is not of a substantially similar character. Neither Gertrude Farina nor Theodora Farina is a “ qualified person ’ ’ within the meaning of the applicable statute (Insurance Law, § 601, subd. b), and neither may maintain suit.
*37 On the other hand, the laws of New Jersey — like the laws of New York — do not prevent a nonresident passenger who is unrelated to the owner of a vehicle involved in a hit-and-run accident, from recovery against the Fund. As to such person an equal benefit is afforded by both States, the statutes are substantially similar, and, therefore, passenger petitioner Eva Bruno is a “ qualified person ” for the purpose of bringing an action here.