Louis B. Heller, J.
This is an action for personal injuries and loss of services sustained by the plaintiffs. Immediately prior to the commencement of the trial the parties stipulated that the question of. liability first be determined by the court and if found against the defendant the parties were then to proceed with the remaining issue of damages.
The complaint in addition to other allegations as to time, place and damages, sets forth that on the day in question, while the plaintiffs were passengers for hire in the automobile owned by the defendant, which was engaged in transporting the plaintiffs for compensation, it was negligently and carelessly driven by the defendant so as to collide with another vehicle on the Queen Elizabeth Way, a public highway in the Province of Ontario, Canada.
*865 At the opening of the trial, the defendant moved to dismiss the complaint on the ground that it failed to set forth facts sufficient to constitute a cause of action under the Canadian statute, in failing to allege that the defendant was operating the vehicle in the business of carrying passengers for compensation. Plaintiffs thereupon moved to amend the complaint to include subsections (1) and (2) of section 50 of the Highway Traffic Act of Ontario. This latter motion was opposed by the defendant who claimed surprise and prejudice. It is interesting to note that approximately a year prior to the trial, the defendant had served the plaintiffs with a notice of intention to amend his answer to include the contents of the statute.
The claim of surprise hardly merits the court’s consideration, particularly where the facts as pleaded sufficiently apprised the defendant that the plaintiffs were seeking relief pursuant to the laws of the Province of Ontario, Canada. In any event, section 344-a of the Civil Practice Act specifically provides that a court may, in its discretion, take judicial notice of the statute and the failure of a plaintiff to plead such statute does not preclude the trial court from taking judicial notice thereof. (Pfleuger v. Pfleuger, 304 N. Y. 148.) Accordingly, the preliminary motions of the defendant to dismiss the original complaint as well as the amended complaint are denied. Plaintiffs’ motion to amend their complaint granted.
The pertinent portion of the Ontario Guest Statute (Highway Traffic Act of Ontario, § 50, subsection [2]; Rev. Stats, of Ontario, L. 1950, ch. 167) reads as follows: “Notwithstanding the owner or driver of a motor vehicle, other than a vehicle operated in the business of carrying passengers for compensation, shall not be liable for any loss or damage resulting from bodily injury to, or the death of any person being carried in, or upon, or entering, or getting on to, or alighting from the motor vehicle.”
It is for this court to determine whether the statute, as pleaded, allows or precludes a recovery predicated upon the facts established, which are relatively simple.
Plaintiff Harry Turnowski and defendant are brothers. The remaining plaintiffs are the wife and children of Harry Turnowski. Back in 1957, the defendant, a bachelor, who boarded and resided with plaintiffs, purchased the subject automobile. From the early part of 1957 to the date of the accident on September 28, 1957 it was the custom of the defendant to drive the plaintiffs on various pleasure trips, the plaintiffs paying for all the expenses, i.e., gas, oil, lodging and food. In the early part of September, 1957 plaintiffs asked the defendant to *866 drive them to Toronto to visit a friend of the family. It was then agreed between the parties that the defendant would drive his brother and family to Toronto and in return for which the plaintiffs would pay for all the operating expenses, including lodging, entertainment and food. On September 28, 1957, the defendant, while driving his car on the Queen Elizabeth Way, with the plaintiffs as occupants, struck another vehicle in the rear, causing the injuries complained of.
The accident having occurred in Ontario, Canada, the law of that Province governs the plaintiffs’ right of action. If a cause of action in tort is created at the place of the wrong it will be enforced by our courts. If- no cause of action is created, no recovery can be had in this State. (Smith v. Clute, 277 N. Y. 407; Salimoff & Co. v. Standard Oil Co., 262 N. Y. 220, 226; Poplar v. Bourjois, Inc., 298 N. Y. 62, 66.)
At the time of the occurrence the Ontario statute was in full force and effect. It is axiomatic that in the absence of any decision of the courts of the State which enacted the statute, the statute will be construed by our courts. However, if there be such decisions we must look to the construction of the statute placed upon it by the courts of such State or Province. (Krantz v. Garmise, 13 A D 2d 426.)
Our Court of Appeals has declared on numerous occasions that where the language of the statute is without ambiguity and the meaning unequivocal, there is no necessity to resort to the rules of construction or the other means of interpretation. (New Amsterdam Cas. Co. v. Stecker, 3 N Y 2d 1; Town of Putnam Val. v. Slutzky, 283 N. Y. 334.) The language of the statute is plain and unambiguous. It seems clear that under this statute guests have no cause of action for personal injuries against the owner or operator of a vehicle in which they were riding unless the vehicle was ‘1 operated in the business of carrying passengers for compensation ”.
This section has been the subject of consideration in numerous cases in the courts of the Province of Ontario. Many of these cases were referred to and reviewed in Lemieux v. Bedard ([1952], 4 D. L. E. 421), one of which being the Shaw v. McNay ease ([1939], 3 D. L. E. 656). There the court held that the then subsection, a counterpart of the present subsection (2) of section 50, barred the plaintiff from recovery. The court analyzed the two words “ compensation ” and “business ”, quoting definitions and references to various authorities, and came to the conclusion that when the words were used together, the Legislature intended to impose liability only on persons who were operating motor vehicles for the carrying of passengers in a *867 commercial way for gain and profit, i.e., taxi drivers and those who operate motor buses on which passengers pay their fares.
In the Lemieux case the defendant made a specific contract to drive the plaintiffs to a designated place and return for a fixed fee. It was also established that he had driven one of the plaintiffs at a prior time for a fee. His occupation was that of a janitor of an apartment house. While the court held that the actions of the defendant fell far short of establishing that the defendant customarily operated his vehicle in the business of carrying passengers for compensation and was protected by the section, it did find that the defendant was responsible on the theory of a contract for carriage and under a liability to his passengers apart from the provisions of the Highway Traffic Act.
In the instant situation it cannot be said from the facts that the defendant entered into such a contract. Here there was a clear family relationship culminating in a trip for pleasure.
In Jurasits v. Nemes ([1957], 8 D. L. R. 2d 659, 665-666) the court again, after reviewing the various authorities, held that the words: “ ‘for compensation ’ express the purpose or object of the business of carrying passengers, and they have the effect of limiting the meaning of the word ‘ business ’ as used in the phrase. Moreover, the purpose or object of the owner or driver, namely, ‘ for compensation ’, must be the proximate or primary reason for operating his vehicle in order to fall within the scope and meaning of the phrase * * *. I think [the word compensation] is used in the sense of payment of money or money’s worth made or given directly by a passenger to an owner or driver of a motor vehicle in a transaction of the same kind and character as one in which a person engages the services of an owner or driver of a motor vehicle in the business of a carrier of passengers.” (Emphasis supplied.) (See, also, Csehi v. Dixon [1953], 2 D. R. L. 202.)
The court again wishes to emphasize that in the instant situation no evidence was submitted establishing that a contract of safe carriage was entered into between the parties or so intended or upon which liability predicated on a master and servant relationship existed as defined and expressed in the Lemieux case, or in Dorosz & Dorosz v. Koch ([1961], 28 D. L. R. 2d 171).
The courts of this State have followed the decisional law of Canada. (Hall v. Bardol, 285 N. Y. 726; Bullis v. Burke [see Record on Appeal] 7 A D 2d 959; Carlin v. Carlin, 29 N. Y. S. 2d 925.)
It is apparent that the payment of gasoline and hotel expenses by the plaintiffs can be considered only the mere sharing of expenses. The statute and decisional law requires more. It *868 cannot be said that the family relationship existing was not the prime motive for the transportation involved. Despite the ingenious and learned brief of counsel the statute means precisely what it says, and accordingly the plaintiffs have no cause of action. Complaint dismissed. Judgment to be entered for defendant. This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.