Carlton A. Fisher, J.
This is an action for a declaratory judgment pursuant to section 473 of the Civil Practice Act. The plaintiff is a resident of the Province of Ontario in the Dominion of Canada. The issue in controversy turns on the question of ‘ ‘ status ’ ’ of the plaintiff as a “ qualified ’ ’ person under section 601 (subd. b, par. [2]) of the Motor Vehicle Accident Indemnification Corporation Law (Insurance Law, art. 17-A) (hereafter referred to as the MVAIC Law).
■Section 601 (subd. b, par. [2]) of the MVAIC defines a “ qualified” person as: “ (2) a resident of another state, territory or federal district of the United States or province of the Dominion of Canada, or foreign country, in which recourse is afforded, to residents of this state, of substantially similar character to that provided for by this article or his legal representative. ’ ’
This matter has been submitted for determination based upon a stipulation entered into between the attorneys for the respective parties, dated March 19, 1963, the pleadings and the plaintiff’s bill of particulars. The parties intended by these documents to settle all questions of fact necessary to rendition of a judgment herein. The court finds that a real controversy exists involving an issue as to which there is no adequate remedy at law.
The undisputed facts show that the plaintiff, an Ontario resident, sustained bodily injury as the result of an accident which occurred on a public highway in the City of Buffalo, New York, on March 18, 1961. Plaintiff was a passenger in an Ontario car owned by Nicholas Langelan, an Ontario resident, and operated by Kenneth MacDonald, an Ontario resident with the consent of the owner. The vehicle collided with a utility pole; no other vehicle was involved. It is stipulated that the ear occupied by plaintiff was an ‘1 uninsured ’ ’ automobile within the meaning of subdivision d of section 601 of the MVAIC Law. The bill of particulars and the stipulation show that plaintiff occupied this vehicle as a “ gratuitous ” passenger and that the car was not being “ operated in the business of carrying passengers for compensation ” within the meaning of subdivision (2) of section 105 of the Ontario Highway Traffic Act of 1960 (Rev. Stat. of Ontario, ch. 172) (Ontario “guest” statute denying recovery by a gratuitous guest against the owner ox-driver.)
The plaintiff claims he is “ qualified ’ ’ because the Ontario “ Unsatisfied Judgment Fund ” (Ontario Highway Traffic Act, *680 §§ 128-142) is “ substantially similar ” to the MVAIC Law. The defendant denies that the plaintiff is *6 qualified ’ ’ because a New York resident guest in a like Ontario accident is not ‘ ‘ afforded recourse ’ ’ to the Fund by operation of the Ontario guest statute.
Plaintiff concedes that the Ontario guest statute ‘ ‘ precludes recovery ” in Ontario by a “ gratuitous ” passenger against his driver or owner. It is the position of the plaintiff that section 601 (subd. b, par. [2]) reaches solely to a comparison of Ontario Fund Law and the MVAIC Law. Plaintiff maintains that New York must not and should not go beyond a comparison of the particular foreign uninsured motorist legislation in question and that a determination must be based solely upon an examination of this legislation without reference whatever to any substantive or procedural rules of the foreign jurisdiction.
The defendant claims that the Ontario Fund Law is predicated upon Ontario policy and concepts of fault, nonliability, and damages peculiar to Ontario, and inasmuch as these rules are embraced within the very fabric of the Ontario Fund Law, it is impossible to determine whether “ recourse is afforded ” without reference to them. Defendant maintains that New York must- and should go beyond a simple comparison of the particular foreign legislation in question and that a determination as to “ recourse ” can only be made by reference to the applicable controlling law and policy of the foreign jurisdiction.
The Motor Vehicle Accident Indemnification Corporation Law (Insurance Law, art. 17-A) was enacted in 1958 and applies to accidents occurring in New York on or after January 1, 1959, (See 2 Encyclopedia of N. Y. Automobile Law, § 1350.) This legislation supplements the Motor Vehicle Financial Security Act (Vehicle and Traffic Law, art. 6) by “ securing * * * recompense ” for loss on account .of injury or death to persons, who, through no fault of their own, are involved in automobile accidents (cf. McCarthy v. MVAIC, 16 A D 2d 35) caused by “ uninsured ” motor vehicles (cf. Matter of Shaw v. MVAIC, 24 Misc 2d 466) and has been held constitutional (Hellem v. MVAIC, 18 Misc 2d 901). The law creates a nonprofit body corporate known as the Motor Vehicle Accident Indemnification Corporation (§ 602). Every insurer issuing liability insurance policies on motor vehicles in New York is a corporate member (§ 602). Funds are obtained by assessment of members (§ 607). “ Qualified ” persons do not contribute to the fund. “ Insured ” persons (whoever pays the policy premium) contribute indirectly through their insurance carrier. To carry out the purpose of *681 the law the Legislature has enumerated claimants as either “insured” persons or “qualified” persons. The protection afforded is the same for both. A claimant has the burden of proof on the issue of his “ status ” either as an “ insured ” or “qualified” person. (Matter of MVAIC [Morey], 36 Misc 2d 985; Matter of MVAIC [Datlof], 235 N.Y.S. 2d 470.) The settlement of claims and actions is expressly authorized by section 613 and by the New York Automobile Accident Indemnification Endorsement (see Insurance Law, § 167, subd. 2-a). In the absence of settlement an “ insured ” person must establish his right to recourse on the issues of fault and damages, by arbitration, and secure a final award in arbitration in his favor. (Cf. Rosenbaum v. American Sur. Co. of N. Y., 11 N Y 2d 310.) A “qualified” person likewise must establish his right to recourse on the issues of fault and damages, by suit, and secure a final judgment in his favor. (Cf. Matter of Moore v. MVAIC, 18 A D 2d 1006.) The protection of the law is. limited to accidents which occur “ within the state ” (§ 605, subd. [c]).
What is important is that the MVAIG legislation is inseparably locked on New York law and procedure. It is clear that a claimant (“insured” or “qualified”) cannot “secure * * * recompense ” from MVAIG unless, as a condition precedent thereto, he establish under the applicable New York law (i.e., fault and damages) that he is “ legally entitled” to recover from the owner or driver of the ‘ ‘ uninsured automobile ”. (See Matter of McGuinness [MVAIC], 32 Misc 2d 949.)
In the Province of Ontario we find an ‘ ‘ Unsatisfied Judgment Fund ” (Ontario Highway Traffic Act of I960, as amd. by §§ 13, 14 of 1960-1961, and since replaced by similar legislation entitled “ The Motor Vehicle Accident Claims Act ” [1961-1962, ch. 84, eff. July 1,1962]). This legislation establishes a1 ‘ Fund ’ ’ sustained by fees prescribed and paid on the issuance of certain car permits and all driver licenses in Ontario. The Fund is payable to those persons who have recovered a final “ unsatisfied ” judgment in their favor in an Ontario court as the result of damages, bodily injury or death occasioned by “ uninsured ” or “unidentified” motor vehicles. Nonresidents of Ontario, as such, are not precluded from access to the Fund provided the jurisdiction of their residence affords “ recourse ” of a “ substantially similar character to that provided by this Part”. (§ 129, subsec. [7]; § 135.) The coverage afforded under the Ontario Unsatisfied Judgment Fund Law is expressly limited to accidents which occur within the Province of Ontario (§ 128, subsec. [1]; § 129, subsec. [1]; § 134). What is important to note here is that under Ontario Fund Law all persons, including *682 nonresidents, must as a condition of access to the Fund recover a final judgment in their favor in the Ontario courts (§ 129, subsec. [1]; § 134). The Fund Act itself does not contain an express ‘‘ guest occupant ’ ’ exclusion.
The guest exclusion rule in Ontario is found in subsection (2) of section 105 of the Ontario Highway Traffic Act of 1960 and provides that: “ (2) Notwithstanding subsection 1, the owner or driver of a motor vehicle, other than a vehicle operated in the business of carrying passengers for' compensation, is not liable for any loss or damage resulting from bodily injury to, or the death of any person being carried in, or upon, or entering, or getting on to, or alighting from the motor vehicle. (Emphasis supplied.)
This statute, as interpreted by Ontario courts, does not assume that the negligence of the host driver is not wrongful. It simply creates a nonliability guest rule in Ontario. The law, which expresses the time honored policy of Ontario, was enacted for reason best known to the Ontario Legislature, and the Ontario courts consistently hold that a guest has “no remedy” and is “precluded from recovering” despite negligence of the host driver to him. (Quick v. Robinson [1936], O. W. N. 490; Coutts v. Smith [1949], O. W. N. 155.)
The starting point is forum law. It should be pointed out in the very beginning that the issue in this case poses a problem in comparative law and statutory, construction rather than a choice between conflicting rules of decision. A careful distinction must be made between the issue at hand and the presence or absence of a forum rule of conflict law requiring the lex fori to “ apply” or “not apply” the nonliability rules of the lex loci to forum subjects or forum interests, a prevailing forum rule to the contrary notwithstanding. (Cf. Loucks v. Standard Oil Co., 224 N. Y. 99; Kilberg v. Northeast Airlines, 9 N Y 2d 34; Davenport v. Webb, 11 N Y 2d 392.) It is the mandate of section 601 (subd. b, par. [2]) only that commands reference to Ontario law.
The scope of the reference is the issue. Clearly a test of “substantial similarity” is a, sine qua non. If the section ended here there would be little problem. Its reach, however, goes beyond a similarity. The terms “ substantial similarity ” are predicated of a concept concerning “recourse” being “afforded”. “Recourse” and “similarity” are the notes demanded of the Ontario law. If “ similarity ” is the key to nonresident status, so also is “ recourse ”. Both must coalesce in Ontario law to gain entrance to New York.
*683 The criteria required may be formulated as follows: (1) similarity of functional accomplishments and (2) similarity of benefits and procedures. (See Ward, The Uninsured Motorist: National and International Problems in Substantial Similarity, 9 Buffalo L. Bev., 283, 308 [I960].)
(1) The functional test is essentially one of similarity of purpose and protection (including concepts of fault and reciprocity). (Cf. United States v. Whitcomb, 200 F. Supp. 249; Maddy v. Jones, 230 Md. 172; Benson v. Schneider, 68 N. W. [2d] 665 [N. D.].) Essentially it involves an over-all comparison between the foreign uninsured motorist legislation and the forum counterpart. The test has been applied in Beane v. Hie ([1957] O. W. N. 56, 7 D. L. R. [2d] 135) where Ontario found a Massachusetts Compulsory Insurance Law substantially dissimilar to Ontario Fund Law. Applying this yardstick to Ontario Fund Law it is apparent that the legislation has a similar purpose to that of MVAIC Law; that it extends protection to the same risks, injury caused by an ‘1 uninsured vehicle ’ ’; that it provides a fund not significantly dissimilar from the New York plan; that it conditions recovery on concepts of comparative fault and damage; and extends reciprocity to New York residents in almost identical language to that of section 601 (subd. b, par. [2]).
(2) The second test relates to concepts of “ recourse” and “procedure”. This test can best be formulated as follows: would Ontario extend equal or comparable benefits to a resident of New York State on the same operative facts. (Cf. Matter of Farina v. MVAIC, 34 Misc 2d 34; Betz v. Director of Division of Motor Vehicles, 27 N. J. 324; Moss v. Govan, 52 N. J. Super. 550; Casey v. Cuff, 46 N. J. Super. 33; Rudnick v. Bentler, 66 N. J. Super. 224.)
To what Ontario law áre these tests to be applied? There is no question but that these tests apply to the foreign uninsured motorist legislation in question. A “ guest occupant ” exclusion in the New Jersey “Unsatisfied Claim and Judgment Fund Law” (N. J. Stat., § 39: 6-70, subsec. [c]), significantly eliminated by New Jersey on Jan. 15, 1962) was held to deny a guest recourse to the Fund despite a final New Jersey judgment in his favor. (Casey v. Cuff, supra.) But section 601 (subd. b, par. [2]) clearly states that the determination to be made by New York is whether the “ another state, territory or federal district * * # or province * * * or foreign country [is one] in which recourse is afforded ” similar to article 17-A. If the Legislature had intended a comparison limited to the foreign uninsured motorist statute alone it would have *684 circumscribed the reference. The ambit of the reference encircles the entire applicable foreign law and not simply the particular foreign statute in question. We must look to see whether “ recourse ” is precluded. It would be unrealistic to limit our view to the particular legislation in question. This being so it makes little difference whether or not a ‘ ‘ guest exclusion ’ ’ is found in rules textually separate and apart from the foreign uninsured motorist statute. Recourse is the question. Denial of a cause of action, however achieved, is tantamount to denial of recourse. It makes little difference where the exclusion is found. The denial is equally effective. An Ontario judgment is an unconditional prerequisite of Ontario Fund Law. It is clear that an Ontario judgment pertaining to an Ontario accident must be predicated upon and necessarily embody all of the applicable law and policy of Ontario relating thereto. An Ontario judgment must be rendered in conformity with Ontario law (cf. Foster v. Registrar of Motor Vehicles, 28 D. L. R. [2d] 561. [Ontario Ct. of Appeal, 1961]).
If this accident had occurred in Fort Erie, Ontario, under the same operative facts except that plaintiff guest had been a New York resident, it is clear that no action would lie against the owner (Langelan, an Ontario resident) or the driver (MacDonald, an Ontario resident). (Curley v. Clifford [1941] 2 D. L. R. 729 [Ontario High Ct.].) Ontario places the burden on every claimant to show compliance with all conditions precedent to payment from the Fund. (Cf. Sinclair v. Woodward [1952] 1 D. L. R. 398 [Ontario Ct. of Appeal].) A New York resident is without 1 ‘ recourse ’ ’ in Ontario under the operative facts at hand.
It remains to determine if Ontario would preclude a New York guest from recovering in Ontario by reason of an Ontario occasioned accident involving a non-Ontario owner or driver. This court finds no Ontario decision on the point. It is significant in this respect to note that the Ontario guest statute has been law in Ontario for more than 26 years. In the absence of an Ontario pronouncement we turn to the construction New York has placed on this legislation. (Cf. Turnowski v. Turnowski, 33 Misc 2d 864.)
A careful distinction in this respect must be made between a New York construction of a foreign guest rule and a New York application of that rule, so construed, to New York citizens or essential New York “ interests ”.
New York has no guest exclusion rule. It is reported that more than 27 States have limited liability to guests by statute *685 or common law. (Ehrenzweig, Conflict of Laws, § 220, p. 577 [1962].) New York has characterized these laws as precluding recovery from accidents occasioned in the forum of their birth (cf. Naphtali v. Lafazan, 8 A D 2d 22, affd. 8 N Y 2d 1097; O’Malley v. Jegabbi, 12 A D 2d 389; Smith v. Clute, 277 N. Y. 407). In none of these cases has New York noted a distinction in the foreign lex loci application of a lex loci guest exclusion rule based upon residence.
New York has construed the Ontario guest statute as precluding recovery in Ontario by a social guest, irrespective of residence, for Ontario occasioned accidents. (Hall v. Bardol, 260 App. Div. 982, affd. 285 N. Y. 726; St. George v. Colletta, 32 Misc 2d 883; Jewtraw v. Davis, 277 App. Div. 918; Carlin v. Carlin, 29 N. Y. S. 2d 925; Olson v. Kilian, 203 Misc. 847.) (For the question of recovery in New York see the recent decision of the Court of Appeals in Babcock v. Jackson, 12 N Y 2d 473.) In Jewtraw v. Davis (supra) ,(1950), the report shows that Canadian experts testified as to the statute in question but no mention is made of an Ontario distinction on the basis of the residence of the g’uest in the Ontario application of the rule. (There is no indication, moreover, that Ontario would not apply its guesf-rule to nonresident Canadians. In McLean v. Pettigrew ([1945] 2 D. L. R 65 [Supreme Ct. of Canada]) Quebec refused to apply the Ontario statute to Quebec residents — the assumption being Ontario would.)
Construction of the Ontario statute as it would be applied in Ontario, as noted, must be distinguished from the application of the rule in New York. In Babcock v. Jackson (supra) the New York Court of Appeals held that the Ontario guest statute will not be “ applied ” in New York, to New York citizens and contrary to New York policy, simply because the “wrong” took place in Ontario. The decision heralds the adoption of a, realistic choice of law rule in New York.
It is interesting to note that all of the significant contacts in this case are with Ontario. This action involves an Ontario guest, presumably on a week-end trip which originated in Ontario and was to end in Ontario, who was injured by the alleged negligence of an Ontario driver, while occupying an Ontario car, presumably garaged, licensed and “ insurable ” in Ontario. The sole relationship with New York is the purely fortuitous circumstance that the accident occurred at 3:45 a.m., on a Saturday in the City of Buffalo, New York. If this same accident had occurred in Fort Brie, but a few miles away, the plaintiff woifld ho denied recovery by the Ontario courts, /
*686 If plaintiff had sued the instant claim in Ontario, instead of in New York, it would appear that no recovery could be obtained in Ontario because Ontario tort conflict rules indicate that a foreign “wrong” must be “actionable” in Ontario. (Cf. Curley v. Clifford, supra, Palmer, Torts in the Inter-Provincial Conflict of Law, 17 U. Tor. Faculty L. Eev. 1 [1959].) Even if plaintiff succeeded in an Ontario action he would still be barred from the Ontario Fund as the accident was occasioned in New York.
The plaintiff, however, has chosen a New York forum for his suit. If we apply the ratio decidendi of the Babcock case to the facts of this case it is clear that Ontario has the ‘ ‘ strongest interest ” in the matter. Unless the rule in Babcock is somehow limited to a view controlled by the result in each particular case, it is also clear that New York will determine plaintiff’s right to recover in this action by reference to Ontario law. If such is the case, even though the plaintiff be designated a “ qualified ” person, he would still be precluded in New York by operation of the Ontario guest statute. These considerations, however, are premature.
In considering the reference mandated by section 601 (subd. b, par. [2]), New York need proceed only to the point that a foreign jurisdiction, under the same operative facts involving a New York resident, would bar recovery. Ontario has legisláted a guest exclusion policy designated to prevent guest perpetrated frauds on Ontario insurance carriers. The application of this policy would seem more vital to Ontario where the fraud may be perpetrated upon Ontario’s Unsatisfied Judgment Fund itself. Ontario policy would hardly distinguish between resident guest frauds and nonresident guest frauds, on the Fund, by “ precluding ” the former and “ permitting ” the latter.
Section 601 (subd. b, par. [2]) is designed to deny to a nonresident only that which foreign jurisdictions deny to our own citizens. It is not intended to be “penal” in nature. What is important to New York is the expansion of extraterritorial protection for New York citizens. The section is designed to encourage foreign jurisdictions to abandon antiquated non-liability rules with a view to reciprocity consistent with modern enterprise and social advancement.
The result in this case, it is hoped, will prove a stimulus in the direction of that objective.
The plaintiff is not a “ qualified ” person within the meaning of section 601 (subd. b, par. [2]) of the New York Insurance Law ‘ ‘ in which recourse is afforded ’ ’.