Harold R. Soden, J.
This is a motion for leave to file a claim against MVAIC pursuant to section 608 of the New York State Insurance Law.
On July 17,1965, the infant, Richard Martin, Jr., then 19 years of age, was a passenger in a car owned and operated by one Winston Benedict. The car was being operated by the owner on a New York State highway. While traveling east on the Roosevelt Road in the vicinity of Massena, New York, the car was driven off the south side of the highway, striking a mailbox and skidding diagonally 129 feet back across the pavement, and collided with a tree off the north side of the highway. The *975 license plate on the car was HE-4301, New York, for the year 1965. The driver claimed to the State Police that his operator’s license was issued by the State of Michigan. The vehicle was uninsured.
Both the driver and the passenger were young men, residents of Cornwall Island, Ontario, Canada, at the time of the accident.
As a result of the accident, it is claimed that both occupants received very serious injuries. The infant, Martin, remained in the Massena Memorial Hospital for two days and was transferred to the Hotel Dieu Hospital, Cornwall, Ontario, Canada, where he was confined until September 25, 1965 under the care of Dr. McLeod of Cornwall, Ontario. After his discharge from the hospital, the infant was confined to his home, on crutches, except for visits to the doctor, until November 15, 1965.
The infant asks permission to file a late claim against MVAIC pursuant to section 608 of the New York State Insurance Law on the following grounds: (1) infancy; (2) infant’s disability following the accident and his hospitalization; (3) inability to determine whether or not the vehicle in which he was a passenger at the time of the collision was insured.
MVAIC objects to the permission for a late filing on the grounds: (1) no affidaivt of notice of intention to make a claim was filed within the 90-day period following the accident or at any time thereafter; (2) there is no showing that the mental or physical incapacity by reason of the accident disabled claimant in such a way that he was prevented from filing such affidavit; and (3) that the petitioner is not a qualified person to file against MVAIC within the meaning of article 17-A of the Insurance Law.
Though the infant claims he was disabled during the 90-day period following the accident and thereafter in such a manner that he was unable to file a claim, there is no proof submitted in the papers by affidavit or otherwise to support this fact. (Sullivan v. MVAIC, 18 Misc 2d 961, affd. 11 A D 2d 675, affd. 11 N Y 2d 705; Grys v. MVAIC, 14 A D 2d 821.)
The Motor Vehicle Accident Indemnification Corporation Law (Insurance Law, art. 17-A) is actually statutory liability in connection with uninsured vehicles and accidents resulting therefrom in the State of New York. The scope of the liability, the conditions under which it is available and its limitations are circumscribed by statutory law. The Insurance Law of the State of New York sets forth the persons who are qualified to apply and file such a claim. Section 601 (subd. b, par. [2]) reads as follows: “a resident of another state, territory or federal district of the United States or province of the Dominion of *976 Canada, or foreign country, in which recourse is afforded, to residents of this state, of substantially similar character to that provided for by this article, or his legal representative.”
It appears, therefore, that a Canadian resident may file a claim against MVAIC for any injury suffered from an automobile accident on the highways of the State of New York providing the person filing the claim is qualified within the law.
Section 601 (subd. b, par. [2]) of the Insurance Law is an attempt on the part of the New York State Legislature to persuade other jurisdictions to afford substantially similar reciprocal rights to New York State residents when they are using out-of-State highways — thus the conditional qualifications imposed upon nonresident claimants.
The question raised herein does not involve what law is to be applied in the event of a trial (Babcock v. Jackson, 12 N Y 2d 473; 63 Cal. L. Rev. 1212, 1223, 1246; 15 Syracuse L. Rev. 163, 172) but whether or not Martin is a qualified person within the definition of section 601 of the Insurance Law. The State of New York grants a cause of action to any gratuitous passenger riding in a car on the highways of the State of New York who is injured solely or in part through the fault or negligence of a driver and/or owner of a vehicle which is uninsured, irrespective of residence. A New York resident, riding as a gratuitous passenger in the Province of Ontario, Canada, is not afforded substantially similar recourse. The Ontario courts have repeatedly held that any gratuitous passenger riding as a guest in a vehicle on the highway of the Province of Ontario has no remedy and is precluded from recovering money damages irrespective of the negligence of the owner or driver of the vehicle in which he is riding. (Quick v. Robinson, [1936] O. W. N. 490; Coutts v. Smith, [1949] O. W. N. 155.)
We believe that the recourse referred to in section 601 of the Insurance Law means a recourse to money damages by residents of the State of New York who are riding as gratuitous passengers in automobiles on the highways of the Province of Ontario who are injured or killed through no fault of their own. The Motor Vehicle Accident Claims Act, 1961-62 ([10-11 Eliz. II, ch. 84], amended to June, 1964) is a meaningless and hollow act as it pertains to such classes of people resident in the State of New York. A prerequisite to obtaining relief in Ontario under such act is to first obtain a judgment against the uninsured vehicle in the Province of Ontario. No such right is granted a gratuitous passenger whether his residence is that of Ontario, the State of New York, or otherwise. Consequently, recourse of a substantially similar character is not afforded residents of *977 the State of New York by the Province of Ontario, Canada, and, therefore, Martin is not a qualified person to file and institute a claim against MVAIC in the State of New York. (White v. MVAIC, 39 Misc 2d 678.)
Motion is denied, with costs.